## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 11 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John P. Young
Young & Young
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kelly J. Pitcher
Adam R. Doerr
Clendening Johnson & Bohrer, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gerald Hause, as Administrator of the Estate of Jon Michael Hause, Deceased,

*Appellant-Plaintiff,*

v.

Indiana University Health, Inc. f/k/a Clarian Health,

*Appellee-Defendant.*

August 11, 2016

Court of Appeals Case No. 49A05-1511-CT-1946

Appeal from the Marion Superior Court

The Honorable Timothy W. Oakes, Judge

Trial Court Cause No. 49D02-1111-CT-42819

**Najam, Judge.**

## Statement of the Case

Gerald Hause ("Hause"), as Administrator of the Estate of Jon Michael Hause ("Jon"), Deceased, appeals the trial court's denial of his motion for judgment on the evidence. Hause presents a single issue for our review, namely, whether the trial court erred when it denied his motion for judgment on the evidence. We affirm.

## Facts and Procedural History

On September 10, 2008, Jon sought medical treatment for nasal congestion and right ear pain and drainage. Dr. Randall Strate diagnosed Jon with an ear infection and prescribed an antibiotic and a medication to treat his cold symptoms. On September 15, Jon telephoned Dr. Strate's office to report that he was still having symptoms of a head cold and was experiencing bloody mucous coming out of his nose and mouth. Dr. Strate considered changing Jon's antibiotic but ultimately recommended giving the medicine a few more days to work.

During the early morning of September 21, Jon needed emergency medical assistance and called for an ambulance. Jon was transported to Methodist Hospital. Dr. Reagann McCreary examined Jon and noted that Jon: had had an earache for two weeks; had been taking amoxicillin and Rondec for one and one-half weeks; had surgery on his right ear ten years prior; had a fever, chills, headache, weakness, and sore throat; and had purulent drainage from his right ear. Dr. McCreary diagnosed Jon with an ear infection and prescribed a new

antibiotic by injection, antibiotic ear drops, and pain medication. The antibiotic Dr. McCreary prescribed provided "coverage for 24 hours[.]"[1] Tr. at 365.

[4] Dr. McCreary told Jon to follow up with his primary care physician the following day. Jon was given written discharge instructions, signed by Dr. McCreary, that included "Follow-Up Instructions" advising Jon to follow up with Dr. Strate in "5 to 7 days." Appellant's App. at 49. A "Comments" section advised Jon to "[f]ollow up with your primary doctor tomorrow. Take the hydrocodone for pain—do not drive while taking this medication. Return if you are not improving, you continue to have high fevers, or for any other concerns." *Id.* At the bottom of the instruction sheet was a paragraph stating as follows:

> I, Jon Hause, understand that the treatment that I have received was rendered on an emergency basis only and is not meant to take the place of complete care from a personal physician or clinic. Furthermore I may have been released before all of my medical problems were apparent, diagnosed, or treated. If my condition worsens or I have new symptoms I have been instructed to call my primary care physician or return to Methodist Hospital Emergency Medicine and Trauma Center or the nearest emergency center. I have read and understand the

---

[1] Dr. McCreary was a resident physician at the time of the examination. Accordingly, an attending physician reviewed Dr. McCreary's notes and also examined Jon before he was discharged. The attending physician signed Jon's chart without making any changes.

> above, received a copy of this form and applicable instruction sheets, and will arrange for follow-up care.

*Id.* Jon signed and dated that document.

[5] Jon did not see a doctor the next day as instructed. A few days later, on September 24, Jon returned to work. But the following day, September 25, Jon left work early because of an earache and headache. Jon did not seek additional medical attention. On September 28, Jon was found dead at his residence. It was later determined that Jon died due to an infection that spread from his ear into his brain.

[6] On November 7, 2011, Hause filed a complaint for damages with the trial court alleging that Indiana University Health, Inc., f/k/a Clarian Health ("IU"), Dr. McCreary's employer, was negligent in causing Jon's death.[2] At trial, IU alleged that Jon's complaint was barred by his contributory negligence. At the close of IU's presentation of evidence, Hause moved for judgment on the evidence on IU's affirmative defense, alleging that IU had failed to prove Jon's contributory negligence with expert testimony to a reasonable degree of medical certainty. The trial court denied that motion. The jury then entered a general verdict in favor of IU. This appeal ensued.

---

[2] Hause was required to file a proposed complaint for damages with the Indiana Department of Insurance under the Medical Malpractice Act. Hause has not provided us with a copy of that proposed complaint, so we do not know when it was filed. We note that a medical review panel was convened, and a majority of that panel concluded that IU was not negligent in providing medical care to Jon.

# Discussion and Decision

[7] Hause contends that the trial court erred when it denied his motion for judgment on the evidence under Trial Rule 50. The applicable appellate standard of review is well-established:

> It is axiomatic that in reviewing the trial court's ruling on a motion for judgment on the evidence the reviewing court must consider only the evidence and reasonable inferences most favorable to the nonmoving party. Judgment on the evidence in favor of the [the moving party] is proper when there is an absence of evidence or reasonable inferences in favor of the [nonmoving party] upon an issue in question. The evidence must support without conflict only one inference[,] which is in favor of [the moving party]. If there is any probative evidence or reasonable inference to be drawn from the evidence or if there is evidence allowing reasonable people to differ as to the result, judgment on the evidence is improper.

*Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1051 (Ind. 2003) (emphasis and citations omitted).

[8] On appeal, Hause contends, in effect, that he was entitled to judgment on the evidence because IU did not present sufficient evidence to prove that Jon was contributorily negligent in causing his own death. That argument assumes that the only basis for the jury verdict was Jon's contributory negligence. However, the jury entered a general verdict, and it is well settled that a challenge to the sufficiency of the evidence must demonstrate inadequate evidence under every theory of liability, not merely one of many, before prejudice is established. *Picadilly, Inc. v. Colvin*, 519 N.E.2d 1217, 1221 (Ind. 1988). In short, a general

verdict will be sustained if the evidence is sufficient to sustain any theory of liability. *Id.*

[9] Because Jon's alleged contributory negligence was not the exclusive basis on which the jury's verdict for IU might have been based—IU also argued and presented evidence that it was not negligent on the merits of Hause's complaint—and because Jon does not challenge the sufficiency of the evidence upon the alternative general negligence theory, we hold that the trial court did not err when it denied Hause's motion for judgment on the evidence.

[10] Affirmed.

Vaidik, C.J., and Baker, J., concur.